**Anthony L. Marchetti, Jr., Esq. (AM4302)**
**MARCHETTI LAW, P.C.**
**317 Delsea Drive**
**Sewell, NJ 08080**
**(856) 824-1001 fax: (856) 414-1806**
**amarchetti@marchettilawfirm.com**

**Ravi Sattiraju, Esq.**
**SATTIRAJU & THARNEY, LLP**
**50 Millstone Road**
**Building 300, Suite 202**
**East Windsor, NJ 08520**
**(609) 469-2110**
**rsattiraju@s-tlawfirm.com**

**Harold I. Lichten, Esq. (pro hac vice anticipated)**
**Matthew W. Thomson, Esq. (pro hac vice anticipated)**
**Benjamin J. Weber, Esq. (pro hac vice anticipated)**
**LICHTEN & LISS-RIORDAN, P.C.**
**729 Boylston St #2000**
**Boston, MA 02114**
**(617) 994-5800 fax: (617) 994-5801**
**hlichten@llrlaw.com**
**mthomson@llrlaw.com**
**bjweber@llrlaw.com**

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANNERIS MOREL and HUGO MOREL TAVEAREZ, individually and on behalf of all others similarly situated,** | **C.A. NO. _____** |
| | **Class Action** |
| **Plaintiffs,** | **COMPLAINT** |
| **v.** | |

1

**GOYA FOODS, INC., and A.N.E. SERVICES, INC.**
                                  **Defendants.**

Plaintiffs Anneris Morel and Hugo Morel Tavearez, individually and on behalf of all others similarly situated, by way of this Complaint against Defendant, allege as follows:

1.      This is a class action lawsuit asserting claims for violations of the New York Labor Laws, brought on behalf of individuals who are current and former "sales representatives" of Defendants Goya Foods, Inc. and A.N.E. Services, Inc. challenging the unlawful misclassification of them as independent contractors instead of employees under the New York Labor Laws, from April 28, 2014 to the present.

2.      The above-named Plaintiffs assert claims as a class action pursuant to Federal Rule of Civil Procedure 23, alleging that Defendants violated N.Y.L.L. by making unlawful deductions from their wages, failing to comply with the record keeping requirements and wage reporting requirements of the N.Y.L.L.

## PARTIES

3.      Plaintiff Anneris Morel is an adult resident of Middletown, New York. Since approximately 2000, Ms. Morel has worked full-time as a "sales representative" servicing Goya's customers in a geographic area set by Goya in and around Peekskill, New York.

4.      Plaintiff Hugo Morel Tavearez is an adult resident of Middletown, New York.  Mr. Morel Tavearez has worked full-time since at least 2015 as a "sales representative" servicing Goya's customers in a geographic area set by Goya in and around New Rochelle, New York.

5.      Defendant, Goya Foods, is a Delaware corporation with its principal office in Jersey City, Hudson County, NJ.

6.      Defendant, A.N.E. Services, Inc. is a Delaware corporation, LLC, business entity or unincorporated association that is unregistered in the State of New Jersey despite having its principal office in Goya's Jersey City, New Jersey headquarters.   This Defendant is a wholly controlled subsidiary of Goya and exists for the sole purpose of providing another corporate intermediary in an effort by Goya to attempt to avoid the requirements of state and federal wage and worker protection laws.

7.      There exists, and at all times mentioned herein existed, a unity of interest between Goya and A.N.E. such that any individuality or separateness between them is fictional and A.N.E is the agent/alter ego of Goya.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action under 28 U.S.C. § 1332.

9.      Venue is proper in this judicial district because of a forum selection clause included in Plaintiffs' contracts with Defendants stating that all disputes shall

be subject to the exclusive jurisdiction of the federal or state courts of the state of New Jersey.

## PLAINTIFFS' EMPLOYMENT RELATIONSHIP WITH DEFENDANTS

10.    Defendant Goya, directly and through its subsidiary/alter ego A.N.E., is a national company employing individual sales representatives to sell Goya food products to retailers and other Goya customers throughout the United States.

11.    During the time relevant to this action, Goya/A.N.E. retained what is believed to be more than 300 Sales Representatives for the purpose of selling its products and wares to various businesses and facilities.  Dozens of these individuals are employed in New York.

12.    Plaintiffs and class members have signed versions of a contract with Defendants that is called a "Broker Agreement" and which contains various non-negotiable terms imposed upon sales representatives by the Defendants.

13.    Plaintiffs and other sales representatives are responsible for servicing Goya's customers, the various super-markets and retailers that purchase Goya's products wholesale directly from Goya and then sell those products to the public. This work includes traveling to the stores and communicating with Goya's customers regarding their product orders.

14.     Plaintiffs and sales representatives work full-time performing these tasks.

15.     Plaintiffs and other sales representatives are prohibited from providing similar services to any entity other than Defendants.

16.     Although Goya purports to treat all sales representatives as independent contractors, under nearly any applicable "employment test," Plaintiffs and other sales representatives in New York are employees of Defendants entitled to protection of the New York Labor Laws.

17.     Defendants exercise substantial control over Plaintiffs' work, setting all prices paid by customers and all commission rates paid to Plaintiffs.

18.     For example, Defendants employ individuals who are responsible for supervising Plaintiffs' work, including riding along with Plaintiffs while they perform their work and checking on Plaintiffs' job performance.  This supervision includes email and telephone communications instructing Plaintiffs and other sales representatives about the manner in which they must perform their work.

19.     Defendants require Plaintiffs and sales representatives to attend periodic meetings, for which they receive no compensation and at which Defendants provide Plaintiffs and sales representatives with instructions regarding how to perform their work.

20.    Defendants regularly require Plaintiffs and sales representatives to submit reports of every detail of their work activity.

21.    In addition, Defendants require sales representatives to wear a uniform identifying them as representatives of Goya.

22.    Plaintiffs and other sales representatives do not have authority to reject sales or customers.

23.    If Goya is dissatisfied with Plaintiffs' work, it retains the power to terminate their contract.

24.    Moreover, Plaintiffs' and sales representatives' work is integral to Goya's business, as they are directly responsible for servicing Goya's customers and without their work, Goya would have no means to communicate with its customers to arrange product orders.

25.    Indeed, because Plaintiffs work is integral to Defendants' business, Plaintiffs and sales representatives are provided two weeks off for vacation each year and Defendants pay for the services of a replacement to fill in as a temporary sales representative for those two weeks.    However, Plaintiffs must obtain Goya's approval to schedule the vacation.

26.    Plaintiffs and other sales representatives are not engaged in independent businesses and are in fact economically reliant on Defendants' for their livelihood, as they are prohibited from performing their sales representative services

for any other company, they work full-time for Defendants without any additional time to engage in other economic pursuits, and they have no control over the prices or commissions that determine their earnings.

27.    Defendants compensate Plaintiffs and members of the Proposed Class for their work based upon a commission structure.

28.    Earned commissions are Plaintiffs' wages and this is the same for each member of the proposed class – they are direct compensation earned and paid on account of the sales representative's work.

29.    Defendants make deductions from the wages of Plaintiffs and the proposed class that are illegal under New York law.  These include deductions for Worker's Compensation insurance and deductions for a "reserve account," which Goya then uses to pay itself if one of the customers in Plaintiffs' territory does not timely pay its invoice.  In this way, Defendants unlawfully shift the costs of doing business (including insuring its employees and protecting against non-payment of customers) to its employees.

30.    Defendants also require Plaintiffs, directly or indirectly, to pay for the purchase or lease of a vehicle, as well as for its maintenance and upkeep of the vehicle, which is necessary to perform their work.  Other work-related costs required to be paid by Plaintiffs include fuel, oil, tires, repairs, taxes, insurance coverage, licenses, vehicle registration fees and tolls.

## CLASS ACTION ALLEGATIONS

31.    Plaintiffs bring this class action on behalf of themselves and other similarly situated "contractors."  Specifically, Plaintiffs bring this action as a class action on behalf of all persons who worked, on a full time basis, for Defendants in the State of New York from April 28, 2014 to the time of trial as sales representatives and signed a Broker Agreement, directly or on behalf of a business entity (the "Proposed Class").

32.    Upon information and belief, the number of members of the Plaintiff Class exceeds 40 during the Class Period.

33.    The Plaintiff Class is so numerous that their individual joinder into a single action is impracticable. Although the exact number of Class Members cannot be properly determined without further discovery, the number and identity of the Class Members can easily be ascertained from Defendants' records.

34.    Each member of the Proposed Class signed materially identical Broker Agreements.

35.    Under New York law, every Goya sales representative in New York is, as a matter of law, a Goya employee.

36.    The Defendants' actions have inflicted the same types of harm upon every member of the Proposed Class.

37.    There are questions of law and fact that affect and are common to all

Members of the Proposed Class.

38.    Common legal and factual issues predominate over any questions

affecting only individual members of the Proposed Class. Among the common

questions of law and fact are the following:

a.    Whether the sales representatives are Defendants' employees;

b.    Whether Defendants unlawfully forced Plaintiffs to pay for business

expenses that rightfully should have been paid for by their employer;

c.    Whether Defendants, by making unlawful deductions from the pay of

sales representatives, violated the New York Labor Laws;

39.    The claims of the named representative Plaintiffs are typical of the

claims of other members of the Proposed Class.

40.    The Plaintiffs are committed to vigorously prosecuting this action on

behalf of all Members of the Proposed Class who have suffered losses as a result of

Defendants' actions described herein.

41.    Plaintiffs have retained qualified counsel, experienced in class action

practice, to represent them in this matter.

42.    A class action is the only realistic method available for the fair and

efficient adjudication of this controversy. Because the damages suffered by

individual Class Members may be relatively small in comparison with the expense

and burden of individual litigation, it is impracticable for members of the Classes to seek redress individually for the wrongful conduct herein alleged.

43.     Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court.  The prosecution of separate actions would also create the risk of inconsistent rulings, which may be dispositive of the interest of Class Members who are not parties to the adjudication and/or may substantially impede Class Members' ability to protect their interests, and therefore would be contrary to the interest of justice and equity.

## COUNT I
## N.Y LABOR LAW § 193 - UNLAWFUL WITHHOLDING AND DEDUCTIONS FROM WAGES
## (INDIVIDUAL AND CLASS ACTION)

44.     Plaintiffs repeat and reallege each and every allegation above as if restated herein verbatim.

45.     Plaintiffs and other putative class members are Defendants' employees for purposes of the New York Labor Laws, and Defendants are Plaintiffs' employers for purposes of the N.Y.L.L.

46.     Defendants routinely diverted, withheld, and deducted amounts from the wages of Plaintiffs and other sales representatives.

47.     These deductions constituted a violation of N.Y. Lab. Law § 193.

**COUNT II**
**N.Y. LABOR LAW § 195 - NOTICE AND RECORD-KEEPING**
**REQUIREMENT VIOLATION**
**(INDIVIDUAL AND CLASS ACTION)**

48.     Plaintiffs repeat and reallege each and every allegation above as if restated herein verbatim.

49.     Plaintiffs and other putative class members are Defendants' employees for purposes of the New York Labor Laws, and Defendants are Plaintiffs' employers for purposes of the N.Y.L.L.

50.     Defendants failed to supply Plaintiff and the Proposed Class with a notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff and other similarly situated drivers as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address of different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

51.     Defendants also failed to supply Plaintiff and the Plaintiff Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

52.     Plaintiff and other similarly situated drivers are entitled to liquidated damages for each workweek that Defendants failed to provide a wage notice *and* liquidated damages for each workweek that Defendants failed to provide accurate wage statements, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs asks this honorable Court to enter the following relief:

a.      An Order certifying the Proposed Class defined above;

b.      An award of damages for all unpaid wages, expenditures, costs, deductions, benefits, or other losses resulting from Defendants' misclassification, as described above;

c.    Statutory liquidated damages, pursuant to New York law;

d.    Attorneys' fees and costs; and

e.    Such other legal and equitable relief as the Court deems just and proper.

Dated:  May 5, 2020

**MARCHETTI LAW, P.C.**
Attorneys for Plaintiffs


/s/ Anthony L Marchetti, Jr. AM4302
ANTHONY L. MARCHETTI, JR.


**SATTIRAJU & THARNEY, LLP**
Attorneys for Plaintiffs

RAVI SATTIRAJU, ESQ.


**LICHTEN LISS-RIORDAN, P.C.**
Attorneys for Plaintiffs

HAROLD L. LICHTEN, ESQ.
MATTHEW THOMSON, ESQ.
BENJAMIN J. WEBER, ESQ.
(pro hac vice anticipated)

13

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

**MARCHETTI LAW, P.C.**
Attorneys for Plaintiffs


/s Anthony L Marchetti, Jr. AM4302
ANTHONY L. MARCHETTI, JR.

## DESIGNATION OF TRIAL COUNSEL

Anthony L. Marchetti, Jr., Ravi Sattiraju and Harold Lichten are hereby

designated as trial attorney in the above captioned litigation on behalf of the

Plaintiffs.

**MARCHETTI LAW, P.C.**
Attorneys for Plaintiffs


/s/ Anthony L Marchetti, Jr. AM4302
ANTHONY L. MARCHETTI, JR.


**SATTIRAJU & THARNEY, LLP**
Attorneys for Plaintiffs
RAVI SATTIRAJU, ESQ.

**LICHTEN LISS-RIORDAN, P.C.**
Attorneys for Plaintiffs

HAROLD L. LICHTEN, ESQ.
MATTHEW THOMSON, ESQ.
BENJAMIN J. WEBER, ESQ.
(pro hac vice anticipated)