UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANNERIS MOREL and HUGO MOREL TAVEAREZ, individually and on behalf of all others similarly situated,**<br><br>        **Plaintiffs,**<br><br>        v.<br><br>**GOYA FOODS, INC., and A.N.E. SERVICES, INC.**<br>        **Defendants.** | <u>**Civil Action No. 2:20-cv-05551-ES-CLW**</u><br><br><u>**OPINION AND ORDER**</u> |

**CATHY L. WALDOR, U.S.M.J.**

**I.    Introduction**

This matter is before the Court on the motion of plaintiffs Anneris Morel and Hugo Morel Tavearez ("Plaintiffs") seeking leave to file a second amended complaint to add two plaintiffs as class representatives (ECF No. 83). The motion is fully briefed and has been referred to the undersigned by the Honorable Esther Salas. The Court has carefully considered the parties' submissions and decides the matter without oral argument per FED. R. CIV. P. 78(b) and Local Civil Rule 78.1. For the reasons stated below, the Court **DENIES** Plaintiffs' motion.

**II.    Background**

Plaintiffs brought this putative class action in May 2020 and filed an amended complaint (the "Amended Complaint") shortly thereafter. ECF No. 1, 6. As alleged therein, Plaintiffs work as sales representatives for defendants Goya Foods, Inc. and A.N.E. Services, Inc. ("Defendants") pursuant to employment contracts (entitled "Broker Agreements") which define them as independent contractors. Plaintiffs assert, however, that they are in fact employees of Defendants, and accordingly, are protected by the New York Labor Law (the "NYLL"), certain provisions of which Plaintiffs allege that Defendants have violated. *See generally* Amended

Complaint; *see also* NYLL §§ 193, 195. Earlier this year, Judge Salas granted Defendants' partial motion to dismiss the Amended Complaint. ECF No. 84-85.

Defendants deposed Plaintiffs in November of 2021. Plaintiffs' testimony revealed a lack of knowledge as to certain matters relating to this lawsuit and their roles as class representatives. *See generally* ECF No. 89-1, Exs. A and B. After inferring that Defendants would, accordingly, "plan to attack Plaintiffs' adequacy to serve as class representatives" under FED. R. CIV. P. 23(a)(4),[1] Plaintiffs advised Defendants of a desire to substitute new class representatives. ECF No. 83-4, Ex. A; 89-1 at ¶ 12. Shortly thereafter, Plaintiffs requested Defendants' consent to Plaintiffs' proposed addition of Danny Almonte and Gregory Brea (employees of Defendants) as class representatives; or alternatively, to stipulate that Plaintiffs meet Rule 23(a)(4)'s adequacy requirement. *See* ECF No. 83-4, Ex. 1. After Defendants refused to consent, *id.* at Ex. 2, Plaintiffs filed the instant motion, seeking to add Messrs. Almonte and Brea as representatives of the class.

Importantly, the Court has entered a scheduling order setting a November 24, 2020 deadline for motions to add parties or amend pleadings. ECF No. 29 at ¶ 12. Plaintiffs filed the instant motion over fourteen months after this date.

### III. <u>Legal Standard</u>

"Where, as here, the motion [to amend] was filed after the deadline set by the Court, the movant must satisfy the requirements of Rule 16 before the Court will turn to Rule 15." *Karlo v. Pittsburgh Glass Works, LLC*, 2011 U.S. Dist. LEXIS 125667, at *9 (W.D. Pa. Oct. 31, 2011).

---

[1] FED. R. CIV. P. 23(a)(4) provides, as a prerequisite to a class action, that "the representative parties will fairly and adequately protect the interests of the class." Class representatives "must represent a class capably and diligently. '[A] minimal degree of knowledge' about the litigation is adequate." *In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 430 (3d Cir. 2016) (quoting *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007)). The Court expressly does not opine on Plaintiffs' adequacy to serve as class representatives under Rule 23.

Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." For purposes of Rule 16, "[a] finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence." *Globespanvirata, Inc. v. Tex. Instruments, Inc.*, 2005 U.S. Dist. LEXIS 16348, at *9-10 (D.N.J. July 11, 2005) (quoting *Rent-A-Center v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) and citing FED. R. CIV. P. 16 advisory committee's note ("The court may modify the schedule on a showing of good cause if [the deadlines] cannot be reasonably met despite the diligence of the party seeking the extension.")); *see, e.g.*, *Konopca v. FDS Bank*, 2016 U.S. Dist. LEXIS 41002, at *4 (D.N.J. Mar. 29, 2016) ("To show good cause, 'the moving party must demonstrate that a more diligent pursuit of discovery was impossible.'") (quoting *Alexiou v. Moshos*, 2009 U.S. Dist. LEXIS 81815, at *8 (E.D. Pa. Sept. 9, 2009)). "The 'good cause' standard is not a low threshold. Disregard for a scheduling order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards 'the indolent and cavalier.'" *J.G. v. C.M.*, 2014 U.S. Dist. LEXIS 56143, at *4-5 (*quoting Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992)).

If good cause is shown, the Court proceeds to Rule 15(a)(2), under which "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

IV. <u>Analysis</u>

Plaintiffs' motion fails under Rule 16's diligence requirement. This conclusion grows from the settled fact that Rule 16 diligence is lacking when a party fails to timely move to amend notwithstanding that, before the amendment deadline, it knew, or should have known, of the facts giving rise the proposed amendment. *See Dimensional Communs., Inc. v. Oz Optics, Ltd.*,

3

148 F. App'x 82, 85 (3d Cir. 2005) (upholding denial of motion to bring amended counterclaim "because [defendant] was in possession of the facts underlying its proposed counterclaim well before the amendment deadline"); *Lasermaster Int'l Inc. v. Neth. Ins. Co.*, 2018 U.S. Dist. LEXIS 66520, at *18-19 (D.N.J. Apr. 20, 2018) (denying leave to amend in part because plaintiff "possessed or should have possessed the knowledge necessary to file the motion to amend before the deadline expired"); *Stallings v. IBM Corp.*, 2009 U.S. Dist. LEXIS 81963, at *47-48 (D.N.J. Sep. 8, 2009) (collecting cases demonstrating that "[p]erhaps the most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend"). As applied here, this principle dictates that Plaintiffs could, and should, have uncovered at the outset of this matter any issues with their capacity to serve as class representatives, and that their failure to do so renders them non-diligent for Rule 16 purposes.[2] This is particularly so because "[i]t is axiomatic that [] Plaintiffs should [make] a preliminary determination that each of their representatives actually qualified" to serve as class representatives, and that "[s]uch an inquiry should have been conducted at the inception of the litigation, not years after the action had commenced." *In re Flash Memory Antitrust Litig.*, 2010 U.S. Dist. LEXIS 59491, at *75 (N.D. Cal. Mar. 31, 2010); *see also Williams v. Balcor Pension Inv'rs*, 150 F.R.D. 109, 120 (N.D. Ill. 1993) (noting "class counsel's obligation to investigate the adequacy of their proposed class representatives").

      The crux of Plaintiffs' Rule 16 argument is that "[t]he need to add additional class representatives became clear after the current plaintiffs were deposed and . . . and counsel for Defendants . . . inform[ed] Plaintiffs that they would not agree to the amendment." ECF No. 83-2

---

[2] Of course, if Plaintiffs are correct that the issues raised by their deposition testimony do not render them inadequate class representatives, then this is a case of no harm no foul; Plaintiffs will be no worse off due to this motion being denied.

at 10-11. This argument fails. The discussion in *Morgan v. Rohr, Inc.*, 2021 U.S. Dist. LEXIS 230417 (S.D. Cal. Dec. 1, 2021) is instructive on this point. Like this case, *Morgan* was an employment class action in which the plaintiffs moved — after the deadline for amended pleadings — to add a class representative. And not unlike the instant motion, the *Morgan* plaintiffs so moved "to eliminate issues raised by Defendants' Opposition to Plaintiffs' Motion for Class Certification", arguing that good cause existed "because Defendants have asserted [in opposition to class certification] that the existing plaintiffs cannot satisfy the typicality requirement for certification purposes. Therefore, Plaintiffs contend, that Defendants' opposition to the motion for class certification . . . serves . . . as justification for an order granting Plaintiffs leave to file a[n amended complaint] to address this issue." *Id.* at *5-6, 11 (citation omitted).

      The court rejected the argument, writing that under Rule 16,

> the question is whether, upon discovering new information, Plaintiffs were sufficiently diligent in seeking to amend the complaint. The Court finds that Plaintiffs were not. Plaintiffs' argument that they have good cause to file an amended pleading because Defendants pointed out a deficiency in the operative complaint is entirely misguided—the Rule 16 inquiry is not about whether there might be a reason why Plaintiffs would want to amend their complaint, but rather, whether they sought to do so within a reasonable period of time after they discovered new information. Here, Plaintiffs [obtained "new information" giving rise to the amendment] in January 2021 . . . [but] did not file the instant motion requesting leave to amend the complaint until *after* Defendants had already filed their opposition to the motion to certify the class [several months later].

*Id.* at *12-13.

      As to this point — that the failure to timely discover and address a possible pleading deficiency despite actual or constructive knowledge of it constitutes a lack of diligence under Rule 16 — federal courts agree. *Accord Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) ("[I]t is clear that . . . with some investigation, Colmar could

5

have discovered its possible anti-subrogation defense. . . . The fact that Colmar failed to conduct such investigation does not equate to 'good cause' for leave to amend under Rule 16 of the Federal Rules of Civil Procedure."); *Gallagher v. Sayin*, 2018 U.S. Dist. LEXIS 227941, at *5 (M.D. Fla. Feb. 22, 2018) (denying motion to add affirmative defense because "[t]he existence of a possible *Fabre* defense was not 'new' information and the agents make no attempt to explain their failure to investigate this avenue prior to the amendment deadline") (citing *Millenium Partners*). Of particular salience are cases, like this one, where movants assert the discovery of "new" information based on deposition testimony conveying facts available to them beforehand. *See, e.g.*, *Oirya v. Mando Am. Corp.*, 2021 U.S. Dist. LEXIS 37118, at *4 (M.D. Ala. Mar. 1, 2021) ("[T]he Defendant again responds that the information gained in the depositions was not new information, and the Plaintiff in fact had that information since April 2020 and September 2020. The Court agrees. The Plaintiff's motion to enlarge discovery is due to be denied.") (citation omitted); *Bertels v. Farm Bureau Prop. & Cas. Ins. Co.*, 2021 U.S. Dist. LEXIS 27151, at *7 (D. Kan. Feb. 12, 2021) (denying motion to amend based on information adduced at deposition because the "deposition testimony merely supported the factual allegations that Bertels . . . already knew. It did not put Bertels on notice of new claims for the first time."); *Crossfit Inc. v. Martin*, 2017 U.S. Dist. LEXIS 232880, at *8 (D. Ariz. July 31, 2017) ("The Court agrees with Plaintiff that Mr. Saba had access to and should have known of this information before his deposition. Failure to obtain this information from Defendants or seek it during discovery also fails to demonstrate the due diligence required to modify the Scheduling Order."); *Garcia v. Air Serv Corp.*, 2015 U.S. Dist. LEXIS 75258, at *3 (C.D. Cal. June 9, 2015) ("While no formal request to amend the complaint has been made, the Court would certainly deny such a request because there is no showing of diligence on behalf of the Plaintiff to

overcome the fact that the deadline for amending the complaint has long expired. In fact, the explanation for not having pursued these claims earlier is that Plaintiff's counsel only learned of them during *Plaintiff's* deposition. **Facts within the Plaintiff's own knowledge are not new information even if counsel failed to learn those facts until late in the case**.") (emphasis added).

Conversely, courts will grant untimely motions to substitute class representatives where the need to do so only becomes apparent after the applicable deadline. In *Sullivan v. Gov't Emples. Ins. Co.*, 2018 U.S. Dist. LEXIS 203212 (M.D. Fla. Nov. 30, 2018), for example, the court permitted the substitution of a class representative because "Counsel for Plaintiffs did not neglect to determine facts about [the original class representative's] willingness to serve as a class representative and that information was not readily available to them because [the original representative] did not express her reluctance to serve as a class representative until" shortly before the motion was brought. *See id.* at *11.

*Woods v. Google LLC*, 2018 U.S. Dist. LEXIS 143879 (N.D. Cal. Aug. 23, 2018) is instructive by way of contrast. As here, the *Woods* plaintiff moved to substitute a new class representative after the amended pleading deadline had passed. It did so after the defendant raised an adequacy issue arising from a conflict between the original representative and the attorneys representing the class. In finding Rule 16 satisfied, the court wrote that "as a practical matter, Woods could not know of this particular adequacy problem until Google made clear that it planned to raise the issue. And the circumstances did not sufficiently put Woods on notice that the issue would arise." *Id.* at *24-28.

The facts of the present matter place it squarely on the other side of the ledger. Here, "as a practical matter," Plaintiffs very well *could have* known "of this particular adequacy problem

7

[before Defendants] made clear that [they] planned to raise the issue", and the relevant circumstances *should have* put Plaintiffs on notice that the issue may arise.[3] To wit: either class counsel failed to vet Plaintiffs as class representatives, or they did so and nonetheless waited to move to amend until after Defendants advised that they would be challenging Rule 23(a)(4) adequacy. In either instance, Plaintiffs knew, or should have known, of the "need to fill a class representative gap", *Kinkead v. Humana at Home, Inc.*, 330 F.R.D. 338, 350 (D. Conn. 2019) (quoting *In re GM LLC Ignition Switch Litig.*, 2017 U.S. Dist. LEXIS 189550, at *341 (S.D.N.Y. Nov. 15, 2017)), well before they brought this motion. Because of the conspicuousness of the instant adequacy concerns from the outset of the case, the act of Defendants noting such issues after Plaintiffs' depositions does not constitute "new information" which starts the clock for measuring Plaintiffs' diligence. As in *Morgan*, therefore, "Plaintiffs' argument that they have good cause to file an amended pleading because Defendants pointed out a deficiency in the operative complaint is entirely misguided".

The Court concludes by addressing two additional matters raised in Plaintiffs' briefs. One is a collection of cases from "[n]umerous courts in this Circuit and around the country [that] routinely allow pre-certification substitution of lead plaintiffs in a variety of circumstances." ECF No. 83-2 at 5 (quoting *Wilson v. Quest Diagnostics Inc.*, 2020 U.S. Dist. LEXIS 13190, at *5 (D.N.J. Jan. 24, 2020)); *see* cases cited in ECF No. 83-2 at 2, 5-8. As Defendants correctly note, most of these cases did not involve Rule 16(b)(4) analyses and instead proceeded only

---

[3] While the Court will not belabor the facts of *Woods*, it notes that *Woods* involved fairly abstruse questions of conflicts of interest within the realm of adequacy of representation, an element of class actions involving a "constitutional dimension," which has been defined as "perhaps the most significant of the prerequisites to a determination of class certification." *Woods*, 2018 U.S. Dist. LEXIS 143879, at *11 (quoting *Flores v. EP2, Inc.*, 2011 U.S. Dist. LEXIS 163763, at *11 (C.D. Cal. Mar. 24, 2011)). At issue here, by contrast, is the arguably more straightforward inquiry of whether Plaintiffs possess "a minimal degree of knowledge about the litigation." *In re NFL Players*, *supra*.

under the more lenient Rule 15(a)(2) standard. And those cited cases that did invoke Rule 16 are distinguishable on the grounds discussed above. *See, e.g.*, *Aguilar v. Boulder Brands, Inc.*, 2014 U.S. Dist. LEXIS 122822, at *25 (S.D. Cal. Sep. 2, 2014) ("[T]he Court notes that Plaintiff's counsel was diligent in bringing this motion. Ms. Aguilar contacted her attorney on January 15, 2014, to inform counsel of her health issues. . . . Twenty-two days after first learning that Ms. Aguilar wanted to withdraw, Plaintiff filed the instant motion on February 6, 2014.").

Plaintiffs also argue that the motion should be granted in the interest of not "wast[ing] judicial time and resources." ECF No. 83-2 at 3. While these are laudable goals, "judicial economy alone does not meet Rule 16(b)(4)'s 'good cause' standard." *Norfolk v. Geo Grp., Inc.*, 2019 U.S. Dist. LEXIS 128194, at *8 n.2 (W.D. Pa. Aug. 1, 2019); *see also Bohn v. Pharmavite, LLC*, 2013 U.S. Dist. LEXIS 201980, at *10 (C.D. Cal. Oct. 8, 2013) ("If judicial economy concerns alone were enough to establish good cause, Rule 16(b) would largely become a nullity."). The Court therefore cannot grant Plaintiffs' motion on judicial economy grounds.

For the reasons stated, Plaintiffs have failed to satisfy Rule 16(b)(4), and accordingly, their motion must be denied.[4] An appropriate Order follows.

## V.     Conclusion and Order

For the reasons stated in the accompanying Opinion, Plaintiffs' motion for leave to file an amended complaint (ECF No. 83) is **DENIED**.[5]

Dated: August 16, 2022

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.

---

[4] As this is sufficient basis to deny the motion, the Court need not conduct a Rule 15 analysis. *See Karlo*, *supra*.

[5] In light of this holding, Defendants' request for cost-shifting is denied as moot.